```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #: _____
-----------------------------------------------------------------X   DATE FILED: 4/27/2020
  MARCOS CALCANO, on behalf of all other persons    :
  similarly situated,                               :
                                                    :
                                         Plaintiff, :         1:19-cv-10432-GHW
                      -against-                     :
                                                    :         MEMORANDUM OPINION
  THE ART OF SHAVING – FL, LLC,                     :              AND ORDER
                                                    :
                                         Defendant. :
-----------------------------------------------------------------X
```

GREGORY H. WOODS, United States District Judge:

This is another case where a visually impaired person has sued a retailer for failing to stock Braille or otherwise accessible gift cards. Because this complaint suffers from the same pitfalls as those in *Dominguez v. Banana Republic, LLC*, No. 1:19-CV-10171-GHW, 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020), the Court comes to the same conclusion and GRANTS Defendant's motion to dismiss.

**I.   BACKGROUND**

Like the allegations in *Banana Republic*, the facts presented in the complaint are relatively straightforward.

The Art of Shaving – FL, LLC ("Defendant" or "The Art of Shaving"), like many other retail businesses, offers consumers the opportunity to purchase "pre-paid cash cards, colloquially referred to as 'store gift cards,'" that can be used in place of cash at its stores. First Amended Complaint ("FAC"), Dkt. No. 17, ¶¶ 4 & n.1. Though they look and feel like credit cards, *see* FAC ¶ 35, they are redeemable only at "a specified merchant or affiliated merchants." FAC ¶ 29 & n.3.

On November 1, 2019, Marcos Calcano ("Plaintiff") called The Art of Shaving's customer service office to ask whether the store sold Braille gift cards. *See* FAC ¶ 16. An employee told him

that The Art of Shaving did not.  *See* FAC ¶ 16.  During that call, the employee did not offer Plaintiff any alternative auxiliary aids or services.  *See* FAC ¶ 17.  Sometime later, Plaintiff unsuccessfully attempted to locate accessible The Art of Shaving gift cards on his own.  *See* FAC ¶ 18.  The lack of an accessible gift card deterred Plaintiff from "fully and equally us[ing] or enjoy[ing]" the "facilities, goods, and services Defendant offers to the public at its retail stores." FAC ¶ 43.  As soon as accessible gift cards are available, however, "Plaintiff intends to immediately go purchase" one.  FAC ¶ 46.

Plaintiff sued The Art of Shaving under the ADA, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, seeking compensatory damages, punitive damages, and a permanent injunction to "cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's store gift cards will become and remain accessible to blind and visually-impaired consumers," and, of course, attorney's fees.

The Art of Shaving moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**II.    ANALYSIS**

The Court refers the reader to the legal standard articulated in Part II of *Banana Republic*, 2020 WL 1950496, at *2.  The discussion and application of the law there applies in equal force in here.

Because the Plaintiff here has failed to provide the Court with sufficient evidence of his intent to return to The Art of Shaving, he, like the plaintiff in *Banana Republic*, lacks standing to assert his ADA claim.  There is virtually no difference between the two complaints:  like Dominguez, Calcano generically asserts that he resides "in Bronx, NY, and close to Defendant's retail store located at 10 Columbus Circle, New York, NY," and "has been a customer at Defendant's store on prior occasions and intends to immediately purchase at least one store gift card

from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's retail store." FAC ¶¶ 21, 25. The intent-to-return inquiry, as explained in *Banana Republic*, is a "highly fact-sensitive inquiry that incorporates a range of factors" such as "the frequency of the plaintiff's past visits" and "the proximity of the defendant's services, programs, or activities to the plaintiff's home" along with any other factors "relevant to the calculation" including the plaintiff's "occupation or demonstrated travel habits." *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015) (citing *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (per curiam) and *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d. Cir. 2008)).

Since the Court may "refer to evidence outside the pleadings" when adjudicating a Rule 12(b)(1) motion, *see Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000), the Court notes that the Bronx is not very close to Columbus Circle at all. Of course, distance is relative, but Columbus Circle is located at the southwest corner of Central Park in Manhattan, whereas the Bronx is a separate borough of New York City located to the northeast and east of Manhattan, across the Harlem River. Regardless, Calcano never asserts, for instance, that he frequently purchases hand-crafted razors and other shaving accessories. *See Banana Republic*, 2020 WL 1950496, at *4.

Plaintiff's ADA claim would also fail under Rule 12(b)(6) for all of the reasons identified in *Banana Republic*. *See* 2020 WL 1950496, at *5–12. Indeed, there are no substantive differences between either the complaint or the briefing in this case and *Banana Republic* that would compel a different conclusion. Calcano has even made similar errors in his opposition as the plaintiff in *Banana Republic*: he addresses arguments and cases that Defendant never raised in his motion, *see* Plaintiff's Opposition ("Opp'n"), Dkt. No. 22, at 22, and repeatedly describes the phone call with Defendant as having taken place on October 29, 2019, even though the First Amended Complaint alleges that the call took place on November 1, 2019, *see* Opp'n at 2, 7, 11.

Because the Court would dismiss Plaintiff's ADA claims, it need not engage in a substantive analysis of the merits of Plaintiff's NYSHRL and NYCHRL claims; this Court would decline to

exercise supplemental jurisdiction over Plaintiff's state and city claims. *See Banana Republic*, 2020 WL 1950496, at *5, 12.

### III.   CONCLUSION

This case is indistinguishable from *Banana Republic*. It should therefore come as no surprise that the Court comes to the exact same conclusion.

For these reasons, Defendant's motion to dismiss is GRANTED. Within fifteen days, Plaintiff may file a second amended complaint to cure the deficiencies articulated in this opinion by alleging additional facts about the interactions he has had with The Art of Shaving. If no amended complaint is filed within that time frame, the Court will enter a final judgment of dismissal and direct the Clerk of Court to close this case.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 20.

SO ORDERED.

Dated: April 26, 2020

_____
GREGORY H. WOODS
United States District Judge